UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEMARIE GUTHRE and
SCOTT GUTHRE,

                 Plaintiffs,                No. 04-CV-72738-DT

vs.                                              Hon. Gerald E. Rosen

LOWE'S HOME CENTERS, INC.,

                 Defendant.
_____/

OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on        September 26, 2005

        PRESENT:  Honorable Gerald E. Rosen
                           United States District Judge

## I. INTRODUCTION

This "slip and fall" diversity tort action is presently before the Court on Defendant Lowe's Home Centers, Inc.'s Motion for Summary Judgment. Plaintiffs have responded to Defendant's Motion and the Plaintiffs have replied. Having reviewed and considered the parties' briefs and having discussed this matter with counsel in conference on July 21, 2005, the Court is now prepared to rule on this matter. This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS

1

Rosemarie and Scott Guthre brought this tort action for a slip-and-fall which Rosemarie Guthre ("Plaintiff") suffered on Lowe's Home Centers, Inc.'s ("Lowe's") premises on July 25, 2002.  On that date, Plaintiff Rosemarie Guthre went to the Defendant's store at 3900 Carpenter Rd. in Ypsilanti, Michigan 49197 (Complaint ¶ 4-5) to purchase a screen for a window in her home.  (Plaintiff's Dep., p. 9, Defendant's Ex. B).  Plaintiff found and picked up the screen, which she carried without the use of a shopping cart, and proceeded to the checkout counter (checkout counter 4) as it had no line of customers waiting.  (*Id*. at 10).

As Mrs. Guthre neared the checkout counter, she slipped on some sand that was on the floor.  She grabbed onto the checkout counter in an effort not to fall completely to the ground.  She alleges that she suffered back injuries as a result of slipping and trying to break her fall.  (*Id*. at 23; Complaint ¶ 16).  Plaintiff testified in her deposition that she did not see the sand on the ground before stepping and slipping, and that she saw the sand for the first time after she stopped her self from falling, with one knee on the ground, when she looked down to see what had happened.  (Plaintiff's deposition, p.12).  The Plaintiff testified that she was not looking at the ground before she fell.  (*Id*. at 12).

Before leaving the store, Plaintiff watched a store clerk clean up about two dust pans of sand from the floor.  (Plaintiff's Dep., pp. 34-5).  Defendant uses this to advance the proposition that it was not a small, unnoticeable condition, but rather a condition

which the Plaintiff should have seen and avoided. (Defendant's Brief p. 3).[1]

Plaintiff has provided pictures of the register and the area around it to support the argument that it would have been difficult to see the sand, as the floor is sand-colored. (*See* Plaintiffs' Ex. 3). In addition, the Plaintiff testified in her deposition that the sand blended in with the floor. (Plaintiff's Dep. p. 10). As further support for her claim that the sand was difficult to see, Plaintiff points to a store security video tape from the day of the accident (a copy of which has been submitted by Plaintiff as Plaintiff's Ex. 4) of the area right before she fell and the sand is not visible on the tape.

Defendant's manager, on the other hand, testified that the sand at the check-out counter was "very visible." (*See* Deposition of Tim Glick, Defendant's Ex. 12, p. 16). He further testified that when he arrived on the scene after Plaintiff fell, he noticed a "trail" of sand from the check-out counter down the main aisle leading to the back of the store where the bags of sand are kept in the Lumber Department. *Id.* at 17-20. There is no evidence as to how long the sand had been on the floor.

Mr. Glick as well as his immediate supervisor, Charles Casey, testified that it is the responsibility of every Lowe's employee, including cashiers, to report spills and other safety hazards to make sure they are promptly cleaned up. Mr. Casey further testified that on occasion, a cashier might come around from behind the counter to scan a bag of sand on one of the flat-bed carts used by customers to bring their purchases to the check out

---

[1] Defendant surmises that the sand probably came from a bag of sand brought to the checkout area by a previous customer.

counter, although there is no specific evidence that the cashier who was working the check-out counter where Plaintiff's accident occurred did so on the date in question.[2] Plaintiff testified that she believed that even if the cashier who handled her window screen purchase did not come around the counter to scan a purchase she would have seen the sand from her vantage point behind the counter because her line of vision was more direct than hers had been as she approached the sand-spill area. However, again, there is no direct evidence that the cashier, in fact, did see the sand.

The fact that the Plaintiff slipped is not in dispute, but rather the question of whether or not Lowe's had actual or constructive notice of the condition and/or whether Lowe's was relieved of responsibility for Plaintiff's accident under the open and obvious danger doctrine.

### III.  DISCUSSION

#### A.  STANDARDS APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is proper "'if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  Fed. R. Civ. P. 56(c).

Three 1986 Supreme Court cases -- *Matsushita Electrical Industrial Co. v. Zenith*

---

[2] The cashier, Connie Geno, is no longer employed by Lowe's. She was allegedly subpoenaed for deposition but she failed to appear and Plaintiff has been unable to otherwise locate her.

*Radio Corp.*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) -- ushered in a "new era" in the standards of review for a summary judgment motion. These cases, in the aggregate, lowered the movant's burden on a summary judgment motion.[3] According to the *Celotex* Court,

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

*Celotex*, 477 U.S. at 322.

After reviewing the above trilogy, the Sixth Circuit established a series of principles to be applied to motions for summary judgment. They are summarized as follows:

> \* The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.
>
> \* The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."
>
> \* The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

---

[3] "Taken together the three cases signal to the lower courts that summary judgment can be relied upon more so than in the past to weed out frivolous lawsuits and avoid wasteful trials." 10A C. Wright, A. Miller, M. Kane, Federal Practice & Procedure, § 2727, at 35 (1996 Supp.).

> \* The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is plausible.

*Betkerur v. Aultman Hospital Association*, 78 F.3d 1079, 1087 (6th Cir. 1996). *See also, Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). The Court will apply the foregoing standards in deciding Defendant's Motion for Summary Judgment in this case.

B.  PLAINTIFF HAS FAILED TO MAKE OUT A *PRIMA FACIE* CASE OF NEGLIGENCE

It is well settled that in order to make out a *prima facie* case of negligence, a plaintiff must prove each of the following four elements: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the defendant's breach of duty was the proximate cause of the plaintiff's injuries; and (4) that the plaintiff suffered damages as a result. *See Schultz v. Consumers Power Co.*, 443 Mich. 445, 449, 506 N.W.2d 175 (1993); *Krass v. Tri-County Sec., Inc.*, 233 Mich. App. 662, 667-78, 593 N.W.2d 578 (1999).

In order to assert negligence, a plaintiff must first establish the existence of a duty owed by the defendant to the plaintiff. *Jackson v. Oliver* 204 Mich. App. 122, 125, 514 N.W.2d 195 (1994). Whether a defendant owes a duty to a plaintiff to avoid negligent conduct in a particular circumstance is a question of law for the court to decide. *Schmidt v. Young*, 215 Mich. App. 222, 224; 544 N.W.2d 743 (1996). To determine whether the

defendant owed the plaintiff a duty, courts examine a number of factors, including the relationship of the parties and the foreseeability and nature of the risk. *Schultz, supra* at 450. *See also, Kelly v. Caswell & Co.*, 883 F. Supp. 189, 193 (E.D. Mich. 1995), citing *Moning v. Alfono*, 400 Mich. 425, 438-39, 254 N.W.2d 759 (1977) ("Duty is essentially a question of whether a relationship between an actor and an injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person.")  It is fundamental, then, that when there is no legal duty, there can be no actionable negligence. *Munson v. Vane-Stecker Co.*, 347 Mich. 377, 392, 79 N.W.2d 855 (1956).

In Michigan, the duty owed by a possessor of land is dependent upon the status of the plaintiff as an invitee, a licensee, or a trespasser at the time of the injury. *Stanley v. Town Square Co-Op*, 203 Mich. App. 143, 147, 512 N.W.2d 51 (1993). Invitees are divided into two categories -- public invitees and business invitees. *Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 593, 614 N.W.2d 88 (2000). A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is open to the public. *Id.* A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. *Id.*

There is no dispute in this case that Plaintiff was a "business invitee" at the time of her accident as she was lawfully on Defendant's premises for the purpose of purchasing a window screen. However, a store owner is not an absolute insurer of the safety of invitees, *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495, 500, 418 N.W.2d

381 (1988); *Anderson v. Wiegand*, 223 Mich. App. 549, 567 N.W.2d 452 (1997), and the mere existence of a defect or danger on the owner's premises is not enough to establish liability. *Kroll v. Katz*, 374 Mich. 364, 132 N.W.2d 27 (1965).

A store owner is only liable for injury resulting from an unsafe condition if (1) that condition is caused by the active negligence of the store owner or its employees, or (2) the condition is of such a nature or has existed for such a length of time, that the store owner or a store employee knew or should have known that the unsafe condition existed. *Whitmore v. Sears, Roebuck & Co.*, 89 Mich. App. 3 7, 279 N.W. 2d 318 (1979). In other words, a premises owner must have either created the dangerous condition or had actual or constructive notice of the existence of the condition. *Derbabian v. S & C Snowplowing, Inc.*, 249 Mich. App. 695, 644 N.W.2d 779 (2002). It is well-settled that the burden is upon the plaintiff to establish facts demonstrating that the defendant property owner had such actual or constructive notice. *Snyder v. City of Albion*, 113 Mich. 275, 280, 71 N.W. 475, 476 (1897); *Pete v. Iron County*, 192 Mich. App. 687, 689, 481 N.W.2d 731, 732 (1992).

In this case, Plaintiff admits having no evidence that it was a Lowe's employee who created the sand spill which she claims to have slipped on. [*See* Plaintiff's Dep., p. 11.] Further, Plaintiff has presented no evidence that any Lowe's employee was aware of the sand spill prior to her accident. In *Cranoskes v. Speedway Super America, LLC*, 2003 WL 22872783 (Mich. App. 2003), the court barred the plaintiff from recovery after the plaintiff slipped on water that was left on the floor of the store because no evidence was

presented that the defendant either created the condition or was aware of the condition prior to the plaintiff's fall.

Although Plaintiff here hypothesizes that Connie Geno, the cashier, may have walked around the counter to scan the bar code on the bag of sand and might have then seen the condition, it is well established that mere conjecture or speculation cannot create an issue of material fact to defeat summary judgment. *See Lewis v. Philip Morris Inc.,* 355 F.3d 515, 533 (6th Cir. 2004); *Irwin v Odyssey Contracting*, 61 Fed. Appx. 150 (6th Cir. 2003); *Mertik v. Blalock*, 983 F. 2d 1353, 1364 n. 8 (6th Cir. 1993); *see also Kulak v. City of New York*, 88 F.3d 63 (2nd Cir. 1996); *Estate of Tripplett v. General Electric Co.*, 954 F. Supp. 149 (W.D. Mich. 1996).

Nor has Plaintiff presented any evidence that the condition existed for any significant length of time such that Lowe's should be held to have been on constructive notice of the spill. In fact, Plaintiff herself admitted in her deposition that the condition might well have existed for only "five seconds." [Plaintiff's Dep., p. 11.] "Where there is no evidence to show that the condition existed for a considerable time, a directed verdict in favor or the storekeeper is proper." *Whitmore v. Sears, Roebuck & Co.*, *supra*, 89 Mich. App. at 8.

As indicated, it is Plaintiff's burden to establish that Lowe's had actual or constructive notice of a potentially dangerous on its property such that Lowe's may be held liable for injuries. *Snyder v. City of Albion*, *supra,* 113 Mich. at 280, 71 N.W. at 476; *Pete v. Iron County*, *supra*, 192 Mich. App. at 689, 481 N.W.2d at 732. Plaintiff

9

here has failed to meet this burden. Therefore, summary judgment will be entered in favor of the Defendant on Count I of Plaintiffs' Complaint and Plaintiff Rosemarie Guthre's negligence claim, accordingly, will be dismissed.[4]

C.  PLAINTIFF SCOTT GUTHRE'S DERIVATIVE CLAIM FOR LOSS OF CONSORTIUM MUST ALSO BE DISMISSED

Plaintiff Scott Guthre's loss of consortium claim will also dismissed because it is wholly derivative of his wife's claim. *Fultz v. Union-Commerce Assoc.*, 470 Mich. 460, 461, 683 N.W.2d 587, 589 (2004). *See also Long v. Chelsea Community Hospital*, 219 Mich.App. 578, 557 N.W.2d 157 (1996) ("The derivative claim of loss of consortium stands or falls on the primary claims in the complaint."); *Loper v. Computer Network Technology Corp.*, 128 F.Supp.2d 1061, 1069 (E.D. Mich. 2001) (same). Because Plaintiff Rosemarie Guthre's negligence claim has been dismissed, Plaintiff Scott Guthre's derivative loss of consortium claim is dismissed, as well.

---

[4] The Court's ruling on lack of notice renders it unnecessary to address Defendant's alternative "open and obvious danger" argument.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is GRANTED and this case, accordingly is, DISMISSED in its entirety, with prejudice.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  September 26, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager